■ ROBERT SIMON et al., Appellants, v NEW YORK UNIVERSITY MEDICAL CENTER, Respondent. [700 NYS2d 31] —Judgment, Supreme Court, New York County (Stanley Sklar, J., and a jury), entered May 12, 1998, in favor of defendant hospital and against plaintiff patient dismissing the complaint, unanimously affirmed, without costs.

There is no merit to plaintiff's argument that the verdict is against the weight of the evidence, where plaintiff's expert admitted that the medical records contained no indication of fatigue, and that absent indications of fatigue or unsteadiness, it would have been appropriate to leave plaintiff alone in the bathroom once he was seated. Moreover, plaintiff's wife testified that he did not need assistance in walking from the bed to the bathroom and defendant's expert testified that it was not a deviation from accepted medical or nursing practices to leave plaintiff unattended where his medical records did not indicate that he was experiencing fatigue, he knew to press the call button for help in getting to the bathroom, he appeared to be oriented and alert, and he had been observed by the nurse going to the bathroom several times previously. Thus, upon our review of the record, we find that the verdict was not against the weight of the evidence, and the judgment should be affirmed.

We do agree that the trial court improperly precluded plaintiff's expert witness from giving an opinion that defendant's nurse was negligent in leaving plaintiff alone in the bathroom due to plaintiff's double vision and memory loss. The trial court's decision was predicated upon a very narrow reading of the complaint and bill of particulars, which documents, we find, sufficiently apprised defendant of these conditions. However, such error was harmless given the overwhelming evidence that defendant's nurse did not depart from good and accepted standards of medical and nursing care. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Saxe, JJ.